# EXHIBIT 6

**DEPARTMENT OF LABOR AND EMPLOYMENT**

**Division of Labor Standards and Statistics**

**DIRECT INVESTIGATION RULES**

**7 CCR 1103-8**

*[Editor's Notes follow the text of the rules at the end of this CCR Document.]*

---

Adopted and effective immediately as temporary or emergency rules on September 21, 2020.

**Rule 1. Statement of Purpose and Authority**

1.1 The general purpose of these Wage and Hour Direct Investigation Rules is to implement the Division of Labor Standards and Statistics's authority to conduct direct investigations of potential violations of labor standards law contained in C.R.S. Title 8, Articles 1, 2, 4-6, 12, 13.3 and 14.4. These rules are adopted pursuant to the Division's authority in C.R.S. §§ 8-1-103(3), 8-1-107(2), 8-1-111, 8-1-116, 8-1-117, 8-4-111(1)(a), 8-2-130, 8-5-103, 8-5-203, 8-6-107, 8-13.3-403(9), 8-13.3-407(6), 8-13.3-408(1)-(2), 8-13.3-410, 8-14.4-103(2), 8-14.4-105(4), and 8-14.4-108..

1.2 These Rules are intended to remain in effect to the maximum extent possible. If any part (including any section, sentence, clause, phrase, word, or number) is held invalid, (A) the remainder of the Rules remains valid, and (B) if the provision is held not wholly invalid, but merely in need of narrowing, the provision should be retained in narrowed form.

1.3 The Director of the Division of Labor Standards and Statistics in the Department of Labor and Employment has the authority to enforce Colorado labor standards law and these Rules, as described in Rule 1.1.

1.4 Colo. Const. art. XVIII, § 15 (2020); Title 8, Articles 1, 2, 4-6, 12, 13.3, and 14.4 of the Colorado Revised Statutes (2020); 7 CCR 1103-1 (2020); 7 CCR 1103-7 (2020); and 7 CCR 1103-11 (2020), are hereby incorporated by reference into this rule, except where these Rules differ. Such incorporation excludes later amendments to or editions of the constitution, statutes, and rules. They are available for public inspection at the Colorado Department of Labor and Employment, Division of Labor Standards & Statistics, 633 17th Street, Suite 600, Denver, CO 80202. Copies may be obtained from the Division of Labor Standards & Statistics at a reasonable charge. They can be accessed electronically from the website of the Colorado Secretary of State. Pursuant to C.R.S. § 24-4-103(12.5)(b), the agency shall provide certified copies of them at cost upon request or shall provide the requestor with information on how to obtain a certified copy of the material incorporated by reference from the agency originally issuing them.

**Rule 2. Definitions**

2.1 "Division" means the Division of Labor Standards and Statistics in the Colorado Department of Labor and Employment; "Director" means the Director of the Division.

2.2 "Employee" has the meaning provided by C.R.S. § 8-4-101(5), except as follows:

(A) under the Equal Pay for Equal Work Act, C.R.S. § 8-5-201 et seq., "employee" has the meaning provided by C.R.S. § 8-5-101(5);

(B) under the Healthy Families and Workplaces Act, "employee" has the meaning provided by C.R.S. § 8-13.3-402(4); and

(C) under the Public Health Emergencies Whistleblower Act, C.R.S. § 8-14.4-101, et seq. "employee" and "worker" have the meaning provided by C.R.S. § 8-14.4-101(5), and where that Act applies, provisions of these Rules applicable to an "employee" shall apply equally to a non-employee "worker".

2.3 "Employer" has the meaning provided by C.R.S. § 8-4-101(6), except as follows:

(A) under the Healthy Families and Workplaces Act, C.R.S. § 8-13.3-401 et seq., "employer" has the meaning provided by C.R.S. § 8-13.3-402(4);

(B) under the Chance to Compete Act, C.R.S. § 8-2-130 et. seq., "employer" has the meaning provided by C.R.S. § 8-2-130(2)(c); and

(C) under the Colorado Public Health Emergencies Whistleblower Act, C.R.S. § 8-14.4-101, et seq., "employer" and "principal" have the meaning provided by C.R.S. § 8-14.4-101(3), and where that Act applies, provisions of these Rules applicable to an "employer" shall apply equally to a non-employer "principal".

2.4 "Employer's correct address" includes, but is not limited to, the employer's email address, the employer's address on file with the Colorado Secretary of State, and the address of the employer's registered agent on file with the Colorado Secretary of State.

2.5 "Fine" means any monetary amount assessed against an employer and payable to the division.

2.6 "Notice of Investigation" means a notice to an employer which identifies potential violations under investigation and includes an initial request for documentation and records.

2.7 "Notice of Investigation Termination" means a notice to an employer that no further action is contemplated by the division regarding the potential violations described in the Notice of Investigation.

2.8 "Place of employment" is defined at C.R.S. § 8-1-101(12).

2.9 "Labor Standards law" is defined as laws within, and rules promulgated pursuant to, C.R.S., Title 8, Articles 1, 2, 4-6, 12, 13.3 and 14.4, and includes Colo. Const. art. XVIII, § 15; 7 CCR 1103-1, 1103-4, 1103-5, 1103-7, 1103-9, 1103-11 ; and any other Rules promulgated pursuant to the Division's authority in the forgoing statutes.

**Rule 3. Investigations**

3.1 The Division may initiate and conduct a direct investigation of an employer for potential violations of labor standards law if:

3.1.1 It receives a credible allegation or suggestion that the employer is violating or has violated Colorado labor standards law with regard to multiple workers; or

3.1.2 The employer or its workers are in an industry, occupation, or geographic area in which employees or workers are relatively low paid and unskilled, or commonly misclassified; or

3.1.3 The employer or its workers are in an industry, occupation, or geographic area in which there has been a history of wage theft, unpaid wages, or any other violation of labor standards law.

3.2 The Division's direct investigation may include potential violations of labor standards law regarding all of the employer's employees, all of its contractors, or any subset or combination thereof.

3.3 The Division's direct investigation shall be limited to potential violations that occurred no more than two years prior to the commencement of the investigation, except that the direct investigation may include potential violations that occurred no more than three years prior to the commencement of the investigation if the Division receives a credible allegation or suggestion that the employer willfully violated Colorado labor standards law.

3.4 For purposes of determining the credibility of an allegation or suggestion related to Rules 3.1.1 and 3.3, a number of factors may be relevant, including but not limited to:

3.4.1 The reasonableness or unreasonableness of the allegation or suggestion;

3.4.2 The allegation or suggestion's consistency or lack of consistency;

3.4.3 Contradiction or support of the allegation or suggestion by other evidence;

3.4.4 The person's knowledge, source of knowledge, and ability to observe;

3.4.5 The strength of the person's memory;

3.4.6 The person's motive;

3.4.7 The person's state of mind;

3.4.8 The person's demeanor and manner while making the allegation or suggestion;

3.4.9 Any relationship the person may have to either side of the case; and

3.4.10 How the person might be affected by the outcome of an investigation.

3.5 The Division will not investigate potential violations that have already been or are currently being investigated or adjudicated by a court or by the United States Department of Labor, absent reason to believe, in the discretion of the Division, that Division involvement may be productive rather than duplicative.

3.6 The Division shall initiate the direct investigation by sending a Notice of Investigation to the employer at the employer's correct address.

3.7 The employer must submit a complete response to the Notice of Investigation within 14 calendar days after it was sent. The Division may extend the deadline upon a showing by the employer of good cause.

3.8 Investigatory methods utilized by the Division may include, but are not limited to:

3.8.1 Document requests;

3.8.2 Interviews of the employer, employees, workers, contractors, and other individuals;

3.8.3 Requests for written statements;

3.8.4 Information gathering, fact-finding, and reviews of written submissions;

3.8.5 Site visits; and

3.8.6 Any other lawful technique that enables the Division to assess the employer's compliance with labor standards law.

3.9 The employer may designate an authorized representative to represent it during the investigation.

3.10 Any employer under investigation shall permit the Director or his or her designees to enter and inspect the place of employment and all relevant documents therein and conduct interviews with relevant individuals.

3.10.1 If the Division conducts a site visit, it shall take reasonable efforts to do so during the employer's business hours, and to minimize disruption to the employer's business operations.

3.11 If an employer refuses to produce requested records and documents, or refuses to admit the Director or his or her designee to any place of employment, the Division may assess upon the employer fines and/or penalties in accordance with C.R.S. §§ 8-1-117(2), 8-1-140, 8-4-103(4.5), and 8-4-113.

3.12 The employer is responsible for ensuring the division has its current contact information.

3.13 The Division may exercise its discretion to have an investigation (A) terminated at any time before issuance of a final determination, which termination would be without prejudice and not a determination on the merits of any issue, and/or (B) sequenced and/or divided into two or more stages on discrete questions of liability and/or relief (*i.e,*, bifurcation), yielding two or more determinations and/or phases of the investigation.

**Rule 4. Preliminary Findings**

4.1 Prior to the issuance of a Citation or Notice of Assessment to an employer for any ordered remedies, the Division may issue to the employer a Notice of Preliminary Findings:

4.1.1 Identifying the employees to whom remedies appear to be owed, based on the reasonable inferences drawn from the investigation;

4.1.2 Identifying the amount or nature of any such remedies that appear to be owed to each named employee, and/or any other applicable relief, and the basis of the apparent violations; and

4.1.3 Affording the employer at least fourteen calendar days after it was sent to respond with information contesting some or all of the preliminary findings.

**Rule 5. Determination**

5.1 Upon completing the investigation, the Division may issue a determination detailing its conclusions.

5.1.1 The Division may issue a Citation against an employer that the Division determines by a preponderance of evidence has violated labor standards law.

5.1.2 The Division may issue to the employer a Notice of Assessment for one or more employee whom the Division determines by a preponderance of the evidence has suffered a violation of labor standards law and who is owed any remedies.

5.1.3 Determinations by the Division may include the following remedies, depending on which, if any, the Division's findings support:

**(A)** monetary or other relief authorized by the statute(s) under which the investigation was conducted, including but not limited to, where applicable --

**(1)** any unpaid wages, penalties, and/or fines under C.R.S. Title 8, Article 4,

**(2)** if a violation of C.R.S. Title 8, Articles 13.3 (HFWA) or 14.4 (PHEW) cost an employee or worker a job or pay, back pay plus either reinstatement or (if reinstatement is infeasible) front pay for a reasonable period, and/or

**(3)** other fines or penalties authorized by statutes applicable to the investigation;

**(B)** fines or penalties authorized by the statutes on Division investigative and enforcement authority in C.R.S. Title 8, Articles 1 and 4; and/or

**(C)** order(s) to cease non-compliance and/or effectuate compliance, as authorized by the statute(s) under which the investigation was conducted and statutes on Division investigative and enforcement authority in C.R.S. Title 8, Article 1, 4, and 6.

5.1.4 The Division may issue to the employer a Notice of Assessment inclusive of all wages, penalties, fines and/or other remedies assessed upon the employer.

5.1.5 The Citation and Notice of Assessment will identify the violation, any wages, penalties, and/or other remedies owed to the employee(s), and any fines owed to the Division.

If the Division concludes that wages and/or other sums are owed to the employee, but cannot calculate the precise amount due, then the Division may award a reasonable estimate.

5.1.6 The Citation and Notice of Assessment will constitute a written demand for the payment of any wages described therein, in accordance with C.R.S. § 8-4-101(15), and will be treated as such pursuant to C.R.S. § 8-4-109(3).

5.1.7 For cases in which a valid written demand was sent prior to the issuance of the Citation and Notice of Assessment, to encourage compliance by the employer, if the employer pays the employee(s) all wages and compensation owed within fourteen days after a Citation and Notice of Assessment is sent to the employer, the Division may reduce by up to fifty percent any penalties imposed pursuant to C.R.S. § 8-4-109, and may waive or reduce any fines imposed.

5.1.8 If the Division does not determine that an employee suffered a violation of labor standards law, the Division may issue a Notice of Investigation Termination.

5.2 The Division shall send the determination via U.S. postal mail, electronic means, or personal delivery on the date the determination is issued.

5.3 The appeal deadline is calculated from the date the Division's determination is originally issued and sent to the employer.

5.4 If any copies of the Division's determination are sent to the employer after the date of its issuance, those copies are only courtesy copies and do not change the thirty-five day appeal and termination deadlines.

**Rule 6. Appeal**

6.1 The employer may appeal a Citation and one or more Notices of Assessment.

6.1.1 A valid appeal is a written statement that is timely filed with the Division, explains the clear error in the determination or other grounds that are the basis for the appeal, and has been signed by the employer or the employer's authorized representative. The employer is encouraged to use the Division's appeal form.

6.1.2 No appeal will be heard and no hearing will be held unless the appeal is received by the Division within thirty-five calendar days of the date the determination is sent. It is the responsibility of the employer filing the appeal to ensure the appeal is received by the Division within the thirty-five day filing deadline.

6.1.3 Upon receipt of the appeal, the Division will send a copy of the record of its investigation to the employer via U.S. postal mail, electronic means, or personal delivery. All evidence submitted to the Division as part of the investigation is part of the record on appeal and need not be resubmitted.

6.2 Parties to the appeal will be the employer and the Division.

6.3 An employer that timely files a valid appeal of the Division's determination will be afforded an administrative appeal hearing before a Division hearing officer. Parties may appear by telephone.

6.4 Consistent with C.R.S. § 8-4-111.5, the hearing officer shall have the power and authority to call, preside at, and conduct hearings. The hearing officer has the power to administer oaths and affirmations, take depositions, certify to official acts, and issue subpoenas to compel the attendance of witnesses and the production of books, papers, correspondence, memoranda, and other records deemed necessary as evidence in connection with a disputed determination.

6.4.1 The provisions of C.R.S. § 8-4-111.5(2)(b) and (c), and of (3)(b), are applicable to an appeal filed pursuant to Rule 6.1.

6.5 The parties may submit new testimonial evidence to the hearing officer in accordance with deadlines imposed by the Division. The parties may submit new documentary or other non-testimonial evidence in accordance with deadlines imposed by the Division and upon showing "good cause," which may be assessed based on any relevant factors, including but not limited to:

6.5.1 That the new evidence was previously not known or obtainable, despite diligent evidence-gathering efforts by the party offering the new evidence;

6.5.2 That the party failed to receive fair notice of the investigation or of a key filing by another party or by the Division to which the new evidence is responsive;

6.5.3 That factors outside the control of the party prevented a timely action or interfered with the opportunity to act, except that the acts and omissions of a party's authorized representative are considered the acts and omissions of the party and are not considered to be a factor outside the party's control as intended by this rule;

6.5.4 That a determination raised a new issue or argument that cannot be responded to adequately without the new evidence;

6.5.5 That, at the investigation stage, the party offering new evidence requested more time to submit evidence, yet was denied, and in the hearing officer's judgment (a) the need for more time was legitimate and did not reflect neglect by the party, (b) the denial of the request for more time was unwarranted, and (c) exclusion of the evidence would cause substantial injustice to the party; and/or

6.5.6 That failure to admit the evidence otherwise would cause substantial injustice and did not arise from neglect by the party.

6.6 New evidence must be sent to all other parties to the appeal. Failure to send all new evidence to all other parties to the appeal may result in the evidence being excluded from the record.

6.7 If the employer that filed the appeal does not participate in the hearing, the appeal may be dismissed.

6.8 The Division shall keep a full and complete record of all proceedings in connection with the investigation. All testimony at a hearing must be recorded by the Division but need not be transcribed unless the hearing officer's Decision is appealed.

6.9 The hearing officer may, upon the application of any party or on his or her own motion, convene a prehearing conference to discuss the issues on appeal, the evidence to be presented, and any other relevant matters that may simplify further proceedings.

6.10 The hearing officer shall make a decision on each relevant issue raised, including findings of fact, conclusions of law, and an order. The hearing officer will decide whether the Division's determination is based on a clear error of fact or law.

6.11 The hearing officer shall not engage in *ex parte* communication with any party to an appeal.

6.12 The hearing officer's decision constitutes a final agency action pursuant to C.R.S. § 24-4-106. The Division shall promptly provide all parties with a copy of the hearing officer's decision via U.S. postal mail, electronic means, or personal delivery.

6.13 Any party to the administrative proceeding may appeal the hearing officer's decision only by commencing an action for judicial review in the district court of competent jurisdiction within thirty-five days after the date of mailing of the decision by the Division. The hearing officer's decision constitutes a final agency action pursuant to C.R.S. § 24-4-106. Judicial review is limited to appeal briefs and the record designated on appeal.

6.14 An appeal may, in the discretion of the hearing officer, be sequenced and/or divided into two or more stages on discrete questions of liability and/or relief (*i.e.*, bifurcation), yielding two or more decisions and/or phases of the appeal.

**Rule 7. Certified Copy**

7.1 The Division shall issue a certified copy of the Division's final decision in accordance with 7 CCR 1103-7, Rule 2.4.

**Rule 8. Preservation of Actions**

8.1 No Citation, Notice of Assessment, or Notice of Investigation Termination issued by the Division is intended to preclude an employee from initiating or pursuing a civil action or other administrative proceeding. However, evidence obtained by the Division in the course of a direct investigation may be considered in determining whether an employee has initiated a wage complaint pursuant to 7 CCR 1103-7, Rule 4.2.1.

**Rule 9. Discrimination and Reprisal Prohibited**

9.1 The provisions against retaliation, interference, and discrimination for protected activity in labor standards law (including but not limited to C.R.S. §§ 8-1-116, 8-1-140, 8-4-120, 8-6-115, 8-13.3-407, 8-14.4-102, and 7 CCR 1103-1, Rule 8.5) apply to individuals who assist the Division's investigations under this rule.

**Rule 10. Effective Date and Duration**

10.1 These temporary or emergency Direct Investigation Rules take effect immediately upon adoption on September 21, 2020, replacing prior versions of Wage and Hour Direct Investigation Rules, 7 CCR 1103-8, and remain in effect through and including whichever is sooner of: (A) January 19, 2020; or (B) the effective date of a permanent version of Direct Investigation Rules proposed in fall 2020.

---

**Editor's Notes**

**History**

New rule eff. 02/14/2019.

Rules 1.4, 2.2, 2.3, 3.5 eff. 12/15/2019.

Rules 5.1.6-5.1.8, 6.5-6.13 eff. 07/15/2020. Rule 4.3 repealed eff. 07/15/2020.

Entire rule emer. rule eff. 09/21/2020.