# EXHIBIT 7

COLORADO
Department of Labor and Employment

**Division of Labor Standards and Statistics**
707 17th Street Denver, CO 80202-2107 | 303-318-8441
www.ColoradoLaborLaw.gov | www.LeyesLaboralesDeColorado.gov

September 15, 2026

Delivered Via Overnight Mail

UMB Financial Corporation
1670 Broadway
Denver, CO 80202

Re: Notice of Administrative Lien and Levy Pursuant to C.R.S. § 8-4-113 — Action Required

To Whom It May Concern:

The State of Colorado Department of Labor and Employment, Division of Labor Standards and Statistics ("DLSS") has issued you a Notice of Administrative Lien and Levy ("Notice") related to Diversified Builders, Inc.'s ("DBI" or "Employer-Debtor") assets in your possession, custody, or control. When an "employer fails to pay wages determined to be due to the employer's employees or fines or penalties determined to be due[,]" the Colorado Wage Act authorizes the DLSS to "issue a notice of administrative lien and levy to the employer or any other person that has possession, custody, or control of the employer's assets" to "attach and collect an employer's assets that are in the possession, custody, or control of another person for the purposes of collecting past-due wages, fines, and penalties." C.R.S. § 8-4-113(4)(a)–(b). DBI is an employer that has failed to pay fines determined to be due to DLSS, and it may own assets in your possession, custody, or control. Specifically, the Notice applies to any assets held in any UMB Financial Corp. accounts affiliated with the Employer-Debtor — Diversified Builders, Inc. — including but not limited to Account #9960049457.

Enclosed with this letter, please find the following documents:

- Notice of Administrative Lien and Levy, LL No. 20-0027-L1;
- Disclosure of Rights to Oppose or Appeal a DLSS Administrative Lien & Levy;
- Remittance Notice; and
- Appeal Request Form.

As detailed in these enclosed documents, you have rights implicated by the Notice, and you must comply with several legally mandated deadlines and obligations stated in the Disclosure. Please promptly and thoroughly review each document. If you have any questions, please email John Michael Guevara, Esq., at CDLE_PCE@state.co.us, or call him at (720) 392-5024.

Respectfully,

Division of Labor Standards and Statistics
Colorado Department of Labor and Employment

Enclosures.

COLORADO
Department of Labor and Employment

**Division of Labor Standards and Statistics**
707 17th Street Denver, CO 80202 | 303-318-8441
www.ColoradoLaborLaw.gov | www.LeyesLaboralesDeColorado.gov

# NOTICE OF ADMINISTRATIVE LIEN AND LEVY

## BY THE STATE OF COLORADO, DEPARTMENT OF LABOR AND EMPLOYMENT, DIVISION OF LABOR STANDARDS AND STATISTICS

**ISSUE DATE:** SEPTEMBER 15, 2026

**ISSUED TO:** UMB FINANCIAL CORPORATION

**EMPLOYER-DEBTOR:** DIVERSIFIED BUILDERS, INC.

**EMPLOYER-DEBTOR ASSET HOLDER:** UMB FINANCIAL CORPORATION

**DIVISION CASE #:** 20-0027

**LIEN & LEVY TYPE:** ADMINISTRATIVE LIEN & LEVY UNDER C.R.S. § 8-4-113(4)

**LIEN & LEVY #:** 20-0027-L1

**LIEN & LEVY HOLDER:** COLORADO DIVISION OF LABOR STANDARDS AND STATISTICS

**ATTACHED ASSETS:** $1,055,900.00

**OBJECTION/APPEAL DEADLINE:** OCTOBER 6, 2026

**REMISSION DEADLINE:** OCTOBER 15, 2026

The State of Colorado, through the Department of Labor and Employment, Division of Labor Standards and Statistics, has issued an administrative lien and levy on assets owned by Diversified Builders, Inc., and in your possession, custody, or control.

**Response to the Notice of Administrative Lien and Levy ("Notice") is legally required under C.R.S. § 8-4-113(4)(a). Failure to respond to the Notice by the Remission Deadline and/or comply with statutory obligations described in the Notice may result in UMB Financial Corporation's liability for the amount of the past-due wages, fines, and penalties owed by Diversified Builders, Inc.**

**VIA OVERNIGHT DELIVERY**

**TO:** UMB Financial Corporation
1670 Broadway
Denver, CO 80202

**CC:** Diversified Builders, Inc.
8360 W 48th Ave
Wheat Ridge, CO 80033

## NOTICE OF DLSS ADMINISTRATIVE LIEN AND LEVY
**Pursuant to C.R.S. § 8-4-113(4)**

**Administrative Lien/Levy #:** 20-0027-L1

**Citation:** Colorado Division of Labor Standards and Statistics ("Division" or "DLSS") Determination & Notice of Assessment (Division Case No. 20-0027, June 6, 2024); Division Hearing Officer Decision and Order (Decision No. 26-015, February 19, 2026)

**I. PARTIES AND DEBT COVERED:** You are hereby served this Notice of Administrative Lien and Levy ("Notice"), ordering that you "**may not transfer or dispose of the assets**" of Diversified Builders, Inc. (below named "**Debtor**"), which failed to pay past-due fines that DLSS ordered it to pay to the Division as listed in **Table 1** below. These duties apply to any person or entity served with this Notice that has either **ownership** (including "**joint**" **or** "**shared**" ownership), or "**possession, custody, or control,**" of any assets of the Debtor.

**Table 1: Debt Owed by Debtor**

| Debt Type | Amount Due to the Creditor(s)* | Creditor(s) |
|---|---|---|
| Unpaid fines for violations of Colorado Minimum Wage Order and Colorado Overtime & Minimum Pay Standards Order (failure to post notice of rights) | $93,600.00 | Colorado Division of Labor Standards & Statistics |
| Unpaid fines for violations of Healthy Families and Workplaces Act and Public Health Emergency Whistleblower Act (failure to post notice of rights) | $63,300.00 | Colorado Division of Labor Standards & Statistics |
| Unpaid fines for violations of Healthy Families and Workplaces Act (interference with worker rights) | $69,500.00 | Colorado Division of Labor Standards & Statistics |
| Unpaid fines for violations of Colorado Wage Act (failure to provide compliant pay statements) | $547,500.00 | Colorado Division of Labor Standards & Statistics |
| Unpaid fines for violations of Colorado Wage Act (failure to pay owed wages) | $282,000.00 | Colorado Division of Labor Standards & Statistics |

* The listed amounts due may not include interest or other costs that any Debtor may owe. However, the listed amounts due (without added interests or costs) are what applies to the recipient of this Notice.

**Table 2: Total Debt Owed by Debtor**

| Debtor | Total Debt Owed |
|---|---|
| Diversified Builders, Inc. | $1,055,900.00 |

## II. ASSETS TO WHICH ADMINISTRATIVE LIEN AND LEVY ATTACHES:

This Notice informs you that the Division has issued an administrative lien and levy on the following Debtor assets in your possession, custody, or control:

A. **Money of the Debtor** in the amount of $1,055,900.00, whether in cash, other forms, or accounts — including but not limited to bank, investment, or other accounts.

B. **Money owed to the Debtor** in the amount of $1,055,900.00, whether in cash, other forms, or accounts.

C. **Property of the Debtor**, whether real property, intangible property, or personal property — or the Debtor's right to any such property.

D. **Other money or property owed to the Debtor** — including but not limited to earnings, debt repayments, payments for goods or services, other accounts receivable, or other credits or debts that are an asset of the Debtor.

E. **Any other assets** of the Debtor.

For Debtor assets in money (cash; bank or investment accounts; payments, credits, debts, or accounts receivable; etc.), the amount to be frozen is up to the amount of the "**Total Owed Debt**" detailed above in **Table 2** on page two.

## III. OBLIGATIONS TO FREEZE AND SURRENDER ASSETS:

**A. Freezing of assets**. Upon receiving this **Notice**, and unless the Division authorizes otherwise, you must withhold, and neither you, the Debtor, nor any other party served with this **Notice** may transfer or dispose of either **(i)** any funds of the Debtor up to the "**Total Debt Owed**" in **Table 2**, or **(ii)** any other assets of the Debtor of any value. This obligation includes any Debtor assets in your possession, custody, or control, including but not limited to funds of the Debtor in any accounts, at the time of or after your receipt of this **Notice**.

Per C.R.S. § 8-4-113(4)(a)(V)(C): **If you transfer or dispose of the Debtor's assets after you receive this notice, you shall be liable for the amount of the past-due wages, fines, and penalties owed by the Debtor, to the extent of the value of the transferred or disposed of assets**.

**B. Surrender of assets.** Each check, remittance, transmission, or transfer of assets of the Debtor must be sent to the following persons or entities as follows.

- Within 30 days of the **issue date** of this **Notice**, **September 15, 2026**, assets for all or part of owed fines shall be surrendered and delivered to the Colorado Division of Labor Standards and Statistics, at 707 17th Street, Suite 2400, Denver, CO 80202.
- Each check, remittance, transmission, or transfer shall include the Division case number and lien/levy number.

- If insufficient assets are available to cover all amounts determined to be owed by the Debtor, you must **first pay** wages and penalties determined to be due **to the creditor** and thereafter **pay fines** determined to be owed to the State.

**C. Delivery of "Remittance Notice" to the Division Required.** Within 30 days of the **issue date** of this **Notice**, you are required to fully complete and send to the Division the enclosed "**Remittance Notice**" with details of the assets surrendered. If no assets are available, you shall indicate that no assets are available in the **Remittance Notice**.

The **Remittance Deadline** is **October 15, 2026**.

**D. Effect of Notice.** This Notice takes effect and is superior to any other lien on the same assets that is filed later in time. Compliance with this Notice made in good faith **shall not** subject you to liability to the Debtor for wrongful withholding of funds, property, or other assets.

## IV. RELEASE OF ADMINISTRATIVE LIEN AND LEVY:

Once you have surrendered assets of the Debtor and/or returned a remittance notice, this administrative lien and levy automatically inactivates. Upon compliance with the Notice, you may request and be provided with confirmation that the administrative lien and levy is extinguished.

## V. OBJECTION AND APPEAL RIGHTS:

You or the Debtor may have the right to file an objection to, or appeal of, an administrative lien and levy. Any such filings must be submitted to the Division as detailed in the enclosed **Disclosure of Rights to Oppose or Appeal a DLSS Administrative Lien and Levy**. A form for such filings is also enclosed ("**Appeal Request Form**"). This **Disclosure** and the **Appeal Request Form** describe the documents you must submit in support of your claimed objection or appeal.

The **Objection and Appeal Deadline** is **October 6, 2026**.

## VI. QUESTIONS:

You may ask the Division any questions about this Notice, or about your rights and responsibilities related to this Notice, at the contact information on page **one**. You also may, before surrendering any assets, contact the Division to ask if the amounts due from the Debtor have changed since the sending of this **Notice**.

COLORADO
Department of
Labor and Employment

**Division of Labor Standards and Statistics**
707 17th Street Denver, CO 80202-2107 | 303-318-8441
www.ColoradoLaborLaw.gov | www.LeyesLaboralesDeColorado.gov

# DISCLOSURE OF RIGHTS TO OPPOSE OR APPEAL A DLSS ADMINISTRATIVE LIEN & LEVY

**PLEASE READ THIS DISCLOSURE CAREFULLY BEFORE RESPONDING TO THE NOTICE OF ADMINISTRATIVE LIEN AND LEVY.**

**THE DIVISION MUST RECEIVE THE REQUIRED DOCUMENTATION BY THE OBJECTION & APPEAL DEADLINE LISTED ON PAGE 1 OF THE NOTICE OF ADMINISTRATIVE LIEN AND LEVY.**

**FAILURE TO COMPLY WITH THE NOTICE OF ADMINISTRATIVE LIEN AND LEVY WILL RESULT IN THE FREEZING OF ASSETS LISTED IN THE NOTICE.**

As detailed below, the employer debtor or the person in possession, custody, or control of the employer debtor's assets has the right to file an objection or appeal to a Notice of Administrative Lien and Levy ("Notice") for a number of reasons. To file an objection or appeal, a party **must** complete the enclosed Appeal Request Form and submit it to the Division with all required documentation. The Division **must receive** the submission by the **Objection & Appeal Deadline** — listed on **Page One** of the **Notice** — **21 calendar days within** the **issue date** of the **Notice**.

**FAILURE TO PROVIDE ANY REQUIRED INFORMATION OR DOCUMENTATION BY A REQUIRED DEADLINE WILL RESULT IN DENIAL OF YOUR OBJECTION OR APPEAL.**

## DISCLOSURE REFERENCE GUIDE

**RIGHTS TO OPPOSE A DLSS ADMINISTRATIVE LIEN AND LEVY ........ 1**

I. EXEMPTION ........ 2

II. EXCEPTION ........ 4

III. RESCISSION ........ 4

**RIGHTS TO APPEAL A DLSS ADMINISTRATIVE LIEN AND LEVY ........ 4**

I. APPEAL BASED ONLY ON MARITAL STATUS ........ 4

II. APPEAL BASED ON NET CONTRIBUTION(S) ........ 4

**REQUIREMENTS FOR FILING OBJECTION OR APPEAL ........ 5**

## RIGHTS TO OPPOSE A DLSS ADMINISTRATIVE LIEN AND LEVY

An employer-debtor may file an objection to a DLSS-issued Administrative Lien and Levy on the grounds that:

**(I)** **Exemption**: either the employer-debtor or his/her/their assets are legally exempt.

**(II)** **Exception**: an exception applies and the employer-debtor is excused from compliance.

**(III)** **Rescission**: a valid legal reason justifies rescinding the DLSS administrative lien and levy.

### I. EXEMPTION

**You may request an exemption ONLY for one or more of the following reasons:**

1. Mistaken Identity. You are not the person who owes back wages, fines, or penalties, or the account(s) do/does not belong to you. For this type of request, you **must** provide documentation to prove your identity and link your identity to the frozen account.

2. The account is used to receive "disposable earnings" as defined in C.R.S. § 13-54-104(1)(a). Pursuant to that statute, the maximum amount of "disposable earnings" that can be seized from the account cannot exceed the lesser of **(A)** twenty percent (20%) of the disposable earnings for that week; **(B)** the amount of disposable earnings for a week in excess of forty times the federal minimum hourly wage in effect at the time the earnings are payable; or **(C)** the amount of disposable earnings for a week in excess of forty times the state minimum hourly wage pursuant to section 15 of article XVIII of the state constitution in effect at the time the earnings are payable. To request this **exemption**, you **must** provide the following documentation to prove more than the maximum part of the aggregate disposable earnings are being withheld:
   - A copy of the pay stubs or pay checks for the most recent three-month period;
   - A copy of other source documents for the most recent three-month period indicating the amount and source of other earnings;
   - A copy of the account statements of the most recent three months up to the date of seizure showing the earnings being deposited; **AND**
   - A statement from the financial institution specifying the dollar amount in the seized account.

3. The account is a custodial account created according to the "Colorado Uniform Transfer to Minors Act," C.R.S. § 11-50-110, or the account is a trust account of monies held in trust for a third party, according to C.R.S. § 26-13-102. To request this **exemption**, you **must** provide:
   - A statement from the financial institution specifying **both** the account number AND the dollar amount seized; **AND**
   - A copy of **one** of the following:
     - the account application;
     - the signature card; **OR**
     - the most recent account statement.

4. The account is used for the receipt of Supplemental Social Security Income Benefits, Social Security Survivor's Benefits, Department of Veterans Affairs Disability Benefits, or public assistance. To request this **exemption**, you **must** provide:
   - Two months of bank statements up to the date the funds were seized showing all payments, including the benefit payment(s), being deposited into the account that is the subject of this Administrative Lien and Levy;
   - A statement from the financial institution specifying the dollar amount seized; **AND**
   - A copy of **one** of the following:
     - Your Social Security Award letter or other social security document, which specifies the type of the benefit and the amount of the monthly payment;
     - Your Department of Veterans Affairs Disability Award letter or other Department of Veterans Affairs document, which specifies the type of the benefit and the amount of the monthly payment;
     - The Department of Social Services grant letter, which specifies the monthly amount of assistance you are to receive; **OR**
     - Documentation related to any other applicable public assistance.

5. The account is used for receipt of child support payments. To request this **exemption**, you **must** provide **each** of the following:
   - Two months of bank statements up to the date the funds were seized showing the child support payments being deposited into the account that is the subject of this Administrative Lien and Levy;
   - A copy of the child support order showing the specific monthly child support amount; **AND**
   - A statement from the financial institution specifying the dollar amount that has been seized.

6. Tax Credits. If an account subject to a DLSS Administrative Lien and Levy contains any federal or state income tax refund(s) attributed to an earned income or child tax credit, whether as a refundable tax credit or as a nonrefundable reduction in tax, you may be entitled to a reduced Administrative Lien or Levy in the amount of those tax credit(s) using a first-in-first-out accounting.

   To request this **exemption**, you **must** provide **both**:
   - State or federal income tax documentation of earned income and/or child tax credit(s) showing exact amount of refund or discount; **AND**
   - Statement from the financial institution that holds the account that is the subject of this Administrative Lien and Levy showing the state or federal income tax refund that includes the deposit of the amount of the earned income and/or child tax credit(s).

7. One or more other statutory exemptions. To request any of those **exemptions**, you **must** provide **both**:
   - A statement listing each exemption you are claiming; **AND**
   - A copy of each document that you claim supports the exemption(s) you are claiming.

## II. EXCEPTION

**You may request an exception ONLY for the following reason:**

1. You are an individual employer debtor, and you have a terminal illness. To request this **exception**, you **must** provide a legible statement on your treating physician's letterhead, signed by the treating physician, indicating the patient's name and specifying that the illness is "terminal."

## III. RESCISSION

**You may request a rescission ONLY for the following reasons:**

The Division's failure to follow legally required procedures for issuing a Notice of Administrative Lien and Levy either deprived an employer, a person with possession, custody, or control of an employer's assets, or any other relevant party, of notice and an opportunity to be heard, or had a prejudicial effect on any one of these persons. To request a **rescission** of this Administrative Lien and Levy, you **must** provide:

- a statement stating, describing, or summarizing any procedures you claim the Division failed to follow;
- any documentation that you claim shows the Division failed to follow those procedures; **AND**
- a statement describing how that alleged failure deprived you of notice and an opportunity to be heard, and/or had a prejudicial effect on you.

# RIGHTS TO APPEAL A DLSS ADMINISTRATIVE LIEN AND LEVY

## I. APPEAL BASED ONLY ON MARITAL STATUS

If the joint account(s) holders are married and the non-debtor joint account(s) holder provides the Division with **(1)** proof of the non-debtor joint account(s) holder's marriage to the debtor joint account(s) holder, and **(2)** the documentation described below, then fifty percent (50%) of the assets held in the joint account(s) will be released **UNLESS** the non-debtor joint account(s) holder submits proof that they contributed an amount different than fifty percent (50%) pursuant to C.R.S. § 15-15-211, as further described below.

**To file an appeal based only on marital status**, you or the non-debtor joint account(s) holder **must** submit the following documentation:

- Lien/Levy # found in the Notice of Administrative Lien and Levy;
- proof of marriage;
- statement from the financial institution specifying the dollar amount in the account that is the subject of the Administrative Lien and Levy and has been seized to satisfy the lien amount;
- copy of the account application, signature card, or the most recent account statement listing the names of all owners of the account; **AND**
- an address and phone number where you can be reached.

## II. APPEAL BASED ON NET CONTRIBUTION(S)

Regardless of marital status, any non-debtor joint account(s) holder(s) may request an appeal based upon proof that some or all of the assets belong only to the non-debtor joint account(s) holder(s)'s "net contribution," as that term is defined in C.R.S. § 15-15-211(1), to the funds held in the joint account(s).

**To file an appeal based on net contribution(s)**, you or the non-debtor joint account(s) holder(s) **must** submit the following documentation:

- Lien/Levy # found in the Notice of Administrative Lien and Levy;
- statement from the financial institution specifying the dollar amount in the account that is the subject of the Administrative Lien and Levy and that has been seized to satisfy the lien amount;
- two months of bank statements for the months leading up to the date of seizure;
- names of all owners on the account(s);
- net contribution(s) of the individual submitting the request for appeal;
- proof of the net contribution(s) of the individual submitting the request for appeal; **AND**
- an address and phone number where you can be reached.

Examples of proof of **net contributions** might include:

- a copy of a pay stub(s) and an account statement(s) showing a corresponding deposit(s);
- a copy of transfer document(s) and evidence of the ownership of the account(s) from which the funds were transferred, such as a copy of the signature card(s), account application(s) or account statement(s);
- a copy of a cancelled check(s) made out to the individual requesting the appeal and an account statement(s) showing a corresponding deposit(s); **OR**
- a copy of a Social Security Award letter(s) or a copy of the Department of Social Services grant letter(s), along with an account statement(s) showing the benefit amount(s) being deposited.

## REQUIREMENTS FOR FILING OBJECTION OR APPEAL

**In order to be processed, your appeal or objection MUST INCLUDE**:

- your current telephone number;
- your current mailing address (and email address, if you use one);
- the specific grounds for the objection or appeal you are seeking; **AND**
- the required supporting documentation.

Your request for an **objection or appeal MUST BE RECEIVED** by the **Objection & Appeal Deadline**. Please mail, email, or fax the request, along with the required supporting documentation to:

**COLORADO DIVISION OF LABOR STANDARDS AND STATISTICS**
**707 17th STREET, DENVER, CO, 80202-2107**
**Email: cdle_LS_appeals@state.co.us | Fax 303-318-8400**

**Failure to submit your objection or appeal and the required documentation by the Objection & Appeal Deadline will result in the denial of your objection or appeal and seizure of the funds and/or assets held in the account(s), including any joint account(s), subject to, or maintained at the financial institution listed on, the enclosed DLSS Administrative Lien and Levy.**

Your **timely** request for an objection or appeal will be processed within seven (7) business days of receipt of your request and the required documentation. If your request is granted, a full or partial release of the Administrative Lien and Levy will immediately be issued to the financial institution listed on the Administrative Lien and Levy and a copy will be sent to you. If the request for an objection or appeal is denied, a letter providing the reason(s) for the denial will be issued.

COLORADO
Department of Labor and Employment
Division of Labor Standards and Statistics
707 17th Street Denver, CO 80202-2107 | 303-318-8441
www.ColoradoLaborLaw.gov | www.LeyesLaboralesDeColorado.gov

## REMITTANCE NOTICE

| Lien/Levy Number | Your Name | Email Address |
|---|---|---|
| | | |

| Mailing Address | Phone |
|---|---|
| | |

**Employer-Debtor(s) Name(s)**

1. ______________________________________________ .
2. ______________________________________________ .

**You MUST check one of the following:**

☐ I am, or I represent, one or more of the Employer-Debtor(s) listed above.
☐ I am, or I represent, a person or entity with possession, custody, or control of assets of one or more of the Employer-Debtor(s) listed above.
☐ I am, or I represent, a person or entity who received a Notice of Administrative Lien and Levy AND who does NOT have possession, custody, or control of assets of one or more of the Employer-Debtor(s) listed above.

**You MUST answer the following questions:**

1. On the date that you received this Notice of Administrative Lien and Levy, did you have possession, custody, or control of an asset or assets of one or more of the Employer-Debtor(s) listed above, including, but not limited to, any rents, payments, obligations, debts, or moneys that you owe to any of the Employer-Debtor(s) listed above?

   ☐ YES ☐ NO

2. If YES, list all assets of the listed Employer-Debtor(s), the location of the assets, and/or describe the nature and amount of the assets (attach additional pages if necessary).

| Asset | Location | Nature/Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**If you will be represented by a third party**, write their name, phone number, and email address below. Please also submit to the Division an Authorized Representative Form, available online at cdle.colorado.gov/file-a-wage-complaint.

**I understand** that any person providing false information to the Division of Labor Standards and Statistics may be subject to criminal prosecution under the laws of the State of Colorado with possible penalties of imprisonment, fines, or both.

**I declare** under penalty of perjury (C.R.S. § 18-8-501, *et seq.*) that the information I provided is true and correct. If I am not the filing party, **I certify** that I am acting on their behalf.

| **Signature of the Person Filing** (or authorized representative) | **Date** (MM/DD/YYYY) |
|---|---|
| | |

COLORADO
Department of Labor and Employment

Division of Labor Standards and Statistics
707 17th Street Denver, CO 80202-2107 | 303-318-8441
www.ColoradoLaborLaw.gov | www.LeyesLaboralesDeColorado.gov

# APPEAL REQUEST FORM

| Lien/Levy Number | Your Name | Email Address |
|---|---|---|
| **Mailing Address** | | **Phone** |

**Employer-Debtor(s) Name(s)**

1. ______________________________________ .
2. ______________________________________ .

**Please check one of the following:**

☐ I am, or I represent, one or more of the Employer-Debtor(s) listed above.

☐ I am, or I represent, a person or entity with possession, custody, or control of assets of one or more of the Employer-Debtor(s) listed above.

☐ I am, or I represent, a co-owner of assets of one or more of the Employer-Debtor(s) listed above.

**Please check all that apply:**

☐ I am claiming an exemption (check applicable exemption(s) in boxes 1–7 below).

☐ I am claiming a procedural error in issuing the notice of administrative lien and levy (see box 8 below).

☐ I am claiming an exception (see box 9 below).

☐ I am appealing the seizure of a jointly owned account (see box 10 below).

**If you will be represented by a third party**, write their name, phone number, and email address below. Please also submit to the Division an Authorized Representative Form, available online at cdle.colorado.gov/file-a-wage-complaint.

☐ **Box 1. Mistaken identity.** If you claim that you are not the person who owes back wages, fines or penalties, or that the account(s) do/does not belong to you, provide documentation to prove your identity and its link to the account.

☐ **Box 2. The account is used to receive "disposable earnings."** If you claim that the seized account contains "disposable earnings" within the meaning of section 13-54-104, Colorado Revised Statutes ("C.R.S."), provide both:

- Documentation that more than the maximum part of the "aggregate disposable earnings" are being withheld, including but not limited to copies of pay stubs, paychecks, other source documents, and account statements for the three-month period prior to seizure of that account; AND
- A statement from the financial institution specifying the dollar amount of the seized account.

☐ **Box 3. The account is a custodial account.** If you claim that the seized account is a custodial account created in accordance with section 11-50-110, C.R.S. or that the account is a trust account of monies held in trust for a third party, according to section 26-13-102, C.R.S., provide:

- A statement from the financial institution specifying (1) the account number, and (2) the dollar amount seized; AND
- One of the following:
  - A copy of the account application;
  - A copy of the signature card; OR
  - A copy of the most recent account statement.

☐ **Box 4. The account is used for the receipt of Social Security, veterans', or public assistance benefits.** If you claim that the seized account is used for the receipt of Supplemental Social Security Income Benefits, Social Security Survivor's Benefits, Department of Veterans Affairs Disability Benefits or public assistance, provide:

- Account statements for the two-month period prior to seizure of that account (the date on the notice), and a statement from the financial institution specifying the dollar amount of the seized account; AND
- One of the following:
  - A copy of the account application;
  - A copy of the signature card; OR
  - A copy of the most recent account statement.

COLORADO Department of Labor and Employment

Division of Labor Standards and Statistics
707 17th Street Denver, CO 80202-2107 | 303-318-8441
www.ColoradoLaborLaw.gov | www.LeyesLaboralesDeColorado.gov

☐ **Box 5. The account is used for receipt of child support payments.** If you claim that the seized account is used for the receipt of child support payments, provide all of the following:

- Account statements for the two-month period prior to seizure of that account;
- A copy of the child support order; AND
- A statement from the financial institution specifying the dollar amount of the seized account.

☐ **Box 6. The account contains earned income or child tax credit refund amounts.** If you claim that the seized account contains federal or state income tax refund(s) attributed to an earned income or child tax credit, provide both of the following:

- State or federal income tax documentation of earned income and/or child tax credit(s), AND
- A statement from the financial institution for the seized account, showing the state or federal income tax refund.

☐ **Box 7. One or more other statutory exemptions.** If you claim that one or more other statutory exemptions apply:

- State or summarize each statutory exemption you are claiming: ____________________________________________
______________________________________________________________________________________________
______________________________________________________________________________________________ .
- Provide a copy of each document that you believe supports the application of the exemption(s).

☐ **Box 8. Failure to follow procedures.** If you claim that the Division failed to follow the procedures for issuance of an administrative lien and levy:

- State the basis for your claim that the Division failed to follow those procedures: ______________________________
______________________________________________________________________________________________
______________________________________________________________________________________________ .
- State the basis for your claim that the alleged failure deprived you of an opportunity to be heard and/or had a prejudicial effect on you: ___________________________________________________________________
______________________________________________________________________________________________
______________________________________________________________________________________________ .

☐ **Box 9. Terminal illness.** If you claim that you, the employer-debtor, have a terminal illness, provide a legible statement on the treating physician's letterhead, signed by the treating physician, indicating the patient's name and specifying that the illness is "terminal."

☐ **Box 10. Jointly owned property.** If you claim that one or more owners of the seized property is/are a person(s) other than the employer, provide the following:

- Account statements for the two-month period prior to seizure of that/those property or account(s);
- The names of all owners on the seized account(s);
- Your net contribution(s) to the seized account(s); AND
- Documentation of your net contribution(s) to the seized account(s).

If you are married to the employer, also provide each of the following:

- Proof of marriage;
- A statement from the financial institution specifying the dollar amount of the seized account; AND
- A copy of the account application, signature card, or the most recent account statement listing the names of **all** owners of the seized account.

**I understand** that any person providing false information to the Division of Labor Standards and Statistics may be subject to criminal prosecution under the laws of the State of Colorado with possible penalties of imprisonment, fines, or both.

**I declare** under penalty of perjury (C.R.S. § 18-8-501, *et seq.*) that the information I provided is true and correct. If I am not the filing party, **I certify** that I am acting on their behalf.

| **Signature of the Person Filing** (or authorized representative) | **Date** (MM/DD/YYYY) |
|---|---|
| | |